UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

v.

Case No. 19-cv-13196
Hon. Matthew F. Leitman

JESSICA R. COOPER, *et al.*,

    Defendant

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION (ECF No. 4) AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 9)

In this action, Plaintiff Scott Witzke seeks to enjoin his pending state court prosecution for a drug offense. On October 30, 2019, Witzke filed a Motion for a Temporary Restraining Order or a Preliminary Injunction. (*See* Mot. for a TRO or a Prelim. Inj., ECF No. 4.) Witzke asks the Court to bar Defendants "from executing the felony warrant issued by the 47th District Court (Farmington Hills), State of Michigan in *People of the State of Michigan v. Scott Andrew Witzke*, Case No. 19MH68430-FY (Oct. 2, 2019)." (*Id.* at PageID.36.)

The Court held a hearing on Witzke's motion on November 25, 2019. For the reasons explained in detail on the record, Witzke's motion (ECF No. 4) is **DENIED**.

1

As the Court explained on the record, it declines to grant the requested injunction for at least three reasons. First, the Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies here because Witzke is asking the Court to enjoin a "currently pending state criminal proceeding." *Zalman v. Armstrong*, 802 F.2d 199, 201 (6th Cir. 1986). Second, Witzke has not shown a likelihood of success on the merits because he has not yet established that his claimed injury – the Defendants' alleged breach of an agreement not to prosecute Witzke – rises to the level of a constitutional violation. Third, Witzke has not shown that he is facing irreparable harm because he can raise, in the context of his state prosecution, his argument that Defendants breached an agreement not to prosecute him.[1]

Witzke also filed an Ex Parte Motion to Appoint Counsel (ECF No. 9). For the reasons explained on the record, this motion is also **DENIED**. As the Court noted on the record, the Court expects that Witzke's state-appointed lawyer in his

---

[1] Witzke argues that the "bad faith" exception to *Younger* abstention applies to his case. (Reply, ECF No. 19, PageID.116.) The Court declines to apply the bad faith exception for the same reasons that the Sixth Circuit declined to apply it in *Ballard v. Stanton*, 833 F.2d 593, 594–95 (6th Cir. 1987). "The actions alleged to constitute evidence of bad faith on the part of the defendants . . . can all be properly challenged, either by motion to the trial court, or later on appeal to the state appellate courts. As such, [Witzke] 'plainly has an adequate opportunity to have [his] constitutional defenses heard and determined during the course of the state court proceedings." *Id.* at 594 (quoting *Zalman*, 802 F.2d at 205.)

criminal prosecution will vigorously raise Witzke's constitutional claims in the state forum.

Accordingly, the Court **DENIES** Witzke's Motion for a Temporary Restraining Order or, in the alternative, a Preliminary Injunction (ECF No. 4) and **DENIES** Witzke's Ex Parte Motion to Appoint Counsel (ECF No. 9).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764